**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Arturo VARGAS–CONTRERAS,
Defendant–Appellant.**

No. 01–50558.
D.C. No. CR–00–00082–DOC.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 14, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny appellant's request for oral argument.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, FERNANDEZ, and BERZON, Circuit Judges.

### MEMORANDUM**

Arturo Vargas–Contreras appeals his conviction following a conditional guilty plea to being an alien found in the United States following deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review de novo, *United States v. Ahumada–Aguilar,* 295 F.3d 943, 947 (9th Cir.2002), and we affirm.

Vargas–Contreras challenges the legality of the 1995 deportation order upon which his conviction was based, as permitted by *United States v. Mendoza–Lopez,* 481 U.S. 828, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987). He contends that the deportation violated due process because the immigration judge ("IJ") informed him that he was statutorily ineligible for discretionary relief from deportation pursuant to § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1995), and he relied on this when electing to waive his right to appeal.

Because the IJ accurately stated the existing law at the time of the hearing, there was no fatal flaw in the deportation proceeding, and Vargas–Contreras' waiver of appeal was intelligent and effective. *See United States v. Garza–Sanchez,* 217 F.3d 806, 809–10 (9th Cir.2000) (holding that immigration judge satisfies his obligation by advising the respondent of the relief for which he is statutorily eligible). Therefore, Vargas–Contreras' collateral challenge to his deportation fails to meet the fundamental unfairness requirement of 8 U.S.C. § 1326(d) and the district court properly denied his motion to dismiss the indictment. *See United States v. Garcia–Martinez,* 228 F.3d 956, 960 n. 5 (9th Cir.2000) (noting that 8 U.S.C. § 1326(d) codified due process requirements outlined by *Mendoza–Lopez*).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

